WATKINS, Judge.
Porter J. Anderson, a schoolteacher, appeals an affirmance by the district court of a denial to Mr. Anderson by the State Professional Improvement Points (PIPS) Committee of the right to participate in the State Professional Improvement Points (PIPS) Program. (LSA-R.S. 17:3601 et seq.). We affirm.
Mr. Anderson completed an application for the State Continuing Education Program at Southern University, dated January 21, 1980, registering for two courses. Because the Department of Education records showed a “W” in one of the courses, Mr. Anderson was billed $45.15, the cost of the course plus interest, by letter mailed to Mr. Anderson on January 15, 1981. Mr. Anderson denies receipt of this letter.
The Special Session of the Louisiana Legislature in January, 1983, enacted Act No. 44 [the present LSA-R.S. 17:3603(C)] which forbade teachers who had not paid their debts under the Continuing Education Program from participating in the PIPS program. As the records showed Mr. Anderson had never paid the $45.15 debt under the Continuing Education Program, the State Department of Education mailed by certified letter, return receipt requested to Mr. Anderson’s last known address a letter informing him that he would be ineligible to participate in PIPS unless payment of the alleged debt was made by March 31, *720 1983. The return receipt was returned to the State Department of Education with Mr. Anderson’s purported signature, dated “2-12-83”. The deadline was later extended to April 15, 1983. Mr. Anderson did not pay the debt until May 26, 1983, when he made a cheek for the required amount.
The State contends that as Mr. Anderson did not pay the debt timely, he is ineligible to participate in PIPS. Mr. Anderson contends he did not owe the debt, and that notice was received and signed for at his former address, not his present address, by his estranged wife, not by him.
The PIPS Committee basically found that its sole authority was to determine whether or not the debt had been properly paid, rather than to determine whether or not the debt had been owed and due notice furnished. We can find no error in their reasoning. The standard for review of questions of law made by an administrative agency is found in LSA-R.S. 49:964 G(5) a part of the Administrative Procedure Act (LSA-R.S. 49:950 et seq.), which subsection reads as follows:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
We cannot find the ruling of the PIPS Committee to have been arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. We hold the sole authority of the PIPS Committee was to determine whether or not the alleged debt under the continuing education program had been properly paid, and all other questions were extraneous. The questions of whether or not this debt was properly owed and of whether or not notice was duly furnished were questions to be determined by Southern University or the State Department of Education generally, not by the local or State PIPS Committee. Mr. Anderson failed to assert his defenses before either Southern University or the State Department of Education. Mr. Anderson freely admits he did not pay the debt timely. Thus, he is ineligible to participate in the PIPS program.
The judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.
SHORTESS, J., concurs in result.